## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **c/o United States Attorney's Office** | ) | |
| **555 Fourth St., N.W.,** | ) | |
| **Washington, DC 20530,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 07-** |
| | ) | |
| **Any and all Funds in** | ) | |
| **Wachovia Securities L.L.C.** | ) | |
| **Account # 5528-1064** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **Any and all Funds in** | ) | |
| **Wachovia Securities L.L.C.** | ) | |
| **Account # 5528-0981** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, by and through its attorney, the United States

Attorney for the District of Columbia, brings this Complaint and alleges as follows in accordance

with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.  This is a civil action, *in rem*, brought to enforce 18 U.S.C. § 981(a)(1)(A), which

provides for forfeiture of any property, real or personal, involved in a transaction or attempted

transaction in violation of 18 U.S.C. §§ 1956 or 1957 (money laundering), or any property

traceable to such property.

2.  This civil action, *in rem*, is also brought to enforce 18 U.S.C. § 981(a)(1)(C)

(incorporating by reference 18 U.S.C. § 1956(c)(7)), which provides for forfeiture of any

property, real or personal, which constitutes or is derived from proceeds traceable to a violation

of 18 U.S.C. § 1347 (Health Care Fraud).

## THE DEFENDANT IN REM

3.  The defendant property is more fully described as:

> Any and all funds in Wachovia Securities L.L.C. Account # 5528-1064, held in the name of Patricia McLaren,

> Any and all funds in Wachovia Securities L.L.C. Account # 5528-0981, held in the name of Martin McLaren.

4.  On or about July 2, 2007, the defendant properties were seized pursuant to a seizure

warrant issued by this Court authorizing the seizure of funds in the above named accounts by

federal law enforcement authorities.  As of June 28, 2007, the approximate value of Wachovia

Securities L.L. C. Account # 5528-1064, held in the name of Patricia McLaren was

$2,080,294.86 and the approximate value of Wachovia Securities L.L.C. Account # 5528-0981,

held in the name of Martin McLaren was $1,713,918.90.

5.  On or about July 2, 2007, the above named accounts were frozen and continue to

remain in the custody of Wachovia Securities L.L.C. pursuant to the warrant issued by this Court.

## JURISDICTION AND VENUE

6.  Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant

properties.  This Court has jurisdiction over an action commenced by the United States under 28

U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

7.  This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. §

1355(b).  Upon the filing of this Complaint, plaintiff requests that the Court issue an arrest

warrant *in rem* pursuant to Supplemental Rule G(3)(b), which plaintiff will execute upon the

defendant properties pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

8.  Venue is proper in this district by virtue of 28 U.S.C. § 1355(b)(1), because acts or

omissions giving rise to the forfeiture occurred in this district.

## BASIS FOR FORFEITURE

9.  Based on the facts set forth in this Complaint, there is reasonable cause to believe that

Martin McLaren ("McLaren") did knowingly commit health care fraud, in violation of 18 U.S.C.

§ 1347, and that McLaren placed proceeds traceable to or derived from health care fraud in the

above named accounts and involved the defendant properties in transactions prohibited by the

Federal anti-money laundering statutes as described in further detail below.

10.  McLaren is the owner of Pain Management Center ("Pain Managment"), located at

6475 New Hampshire Avenue, Suites 420 and 430, Hyattsville, Maryland.  McLaren is a licensed

anesthesiologist, specializing in pain medicine.  He operates under the entity of McLaren

Anesthesia Associates, PC.

11.  Investigation revealed that from at least January 1, 2000 to August 31, 2006,

McLaren defrauded various "health care benefit programs" (defined in 18 U.S.C. § 24) by billing

for medical services at Pain Management, when, in fact, no such services were rendered.

McLaren had patients during that time who resided in both Maryland and the District of

Columbia.  The health care benefit programs ("payers") to which McLaren submitted false bills

included the Medicare program, the District of Columbia's Medicaid program, Federal Employee

Health Benefits Program (Blue Cross/Blue Shield, MailHandlers), TRICARE, Blue/Cross/Blue

Shield of Illinois, Blue Cross/Blue Shield private, Aetna Insurance Company's health care benefit

program ("AETNA"), Liberty Mutual and CIGNA and the United States Department of Labor.

12.   McLaren or, at his direction, McLaren's employees, used the Current Procedural Terminology ("CPT") codes to bill various health care benefit programs.  CPT codes are used by health care providers to inform health care benefit programs what medical services and treatment were provided to a patient.  The codes also form the basis for reimbursement by the health care benefit programs to the health care providers.

13.   In a review of records pertaining to five codes under which McLaren regularly billed health care benefit programs, specifically:  J1885 (Toradol); 72265 (Myelography); 64483 (Transforaminal Epidural Injection); 64484 (Transforaminal Epidural Injection); and 99214 (Office Visit), it was revealed that McLaren submitted false billing to secure reimbursement for services he supposedly performed, but did not in fact perform.

14.   For example, bills submitted by McLaren regarding Toradol were false because McLaren admitted that he did not give patients the dosage of Toradol that was reflected in patient records and because of the amounts, frequency and durations of Toradol that were allegedly given, and which McLaren billed for, fell outside the standard of care.

15.   The investigation revealed that McLaren never performed Myelography or Transforaminal Epidural Injection on patients in his office, despite billing for those procedures over and over again.  In fact, McLaren admitted that he had never performed a Myelography. Moreover, McLaren knew he did not have the equipment in his office that he needed to perform these two procedures and for which he was routinely billing as performing in his office.

16.   The investigation also revealed that despite billing routinely for twenty-five minute office visits, McLaren rarely, if ever, saw a patient for more than five minutes and in fact, had

-4-

others alter records to include false progress notes in response to an audit regarding the office

visit billing.  McLaren informed his staff that the billing was fine so long as there were sufficient

notations in the patients' records to support the bill, if audited.

## FLOW OF MONEY

17.  From January 1, 2002 through April 1, 2006, McLaren received routine

reimbursements from health care benefit programs totaling approximately $6,552,508.42 for bills

submitted just for these five specific CPT codes, all of which constitutes or is derived from

proceeds of health care fraud, in violation of 18 U.S.C. § 1347.  All of the funds McLaren

received from the health care benefit programs, including payments based on false billing were

initially deposited on a regular basis into McLaren's business account at Bank of America.

McLaren falsely billed on a regular, routine basis and payments from the health care benefit

programs were constantly being deposited into McLaren's business account at Bank of America

within a few weeks of bills being processed.

18.  During the investigation, it was learned that McLaren directed how funds were

transferred from his Bank of America business account to other accounts he controlled, including

to his personal Bank of America account and to investment accounts at Wachovia, including

Wachovia Securities L.L.C. account #5528-0981 and #5528-1064.  McLaren also moved funds

through a Wachovia pass-through account #5528-0975 and then to his Wachovia investment

accounts, including Wachovia Securities L.L.C. account # 5528-0981 and #5528-1064.  McLaren

further transferred funds from his Bank of America personal account to his and his wife's

Wachovia accounts, including, Wachovia Securities L.L.C. account #5528-0981 and #5528-

1064.

19.  Based on the information contained in this complaint, there is reasonable cause to believe that the funds obtained by McLaren in his scheme to defraud health care benefit providers were deposited in the above named accounts and that funds in these accounts constitute property that was moved to conceal its source, location or ownership and thus are funds involved in money laundering and are therefore, subject to seizure and forfeiture.

## COUNT I

20.  All statements and averments made in paragraphs 1-19 are re-alleged and incorporated, herein, by reference.

21.  As described above, the defendant properties constitute or are derived from proceeds traceable to violation of 18 U.S.C. § 1347.

22.  By reason of the above-described facts, the defendant properties are subject to forfeiture to the United States pursuant to the provisions of Title 18, U.S.C. § 981(a)(1)(C).

## COUNT II

23.  All statements and averments made in paragraphs 1-19 are re-alleged and incorporated, herein, by reference.

24.  The defendant properties are subject to forfeiture because they were involved in a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership or control of the proceeds of health care fraud (18 U.S.C. § 1347), a "specified unlawful activity" as that term is defined by 18 U.S.C. § 1956(c)(7).

25.  As such, the defendant properties were involved in money laundering transactions in violation of 18 U.S.C. § 1956(a)(1)(B)(I) and are, therefore, subject to forfeiture pursuant to 18

-6-

U.S.C. § 981(a)(1)(A).

**WHEREFORE**, the United States of America prays that process of warrant issue for the

arrest of the defendant properties as described above; that due notice be given to all parties to

appear and show cause why the forfeiture should not be decreed; that judgment be entered

declaring that the defendant properties be forfeited to the United States of America for

disposition according to law; and that the United States of America be granted such other relief

as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
DC Bar No. 498610


_/s/_____
WILLIAM R. COWDEN
Assistant United States Attorney
DC Bar No. 426301


_/s/_____
DIANE G. LUCAS
Assistant United States Attorney
DC Bar No. 443610
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

## __VERIFICATION__

I, Jennifer Heddleston, a Special Agent for the Federal Bureau of Investigation, hereby verify and declare under penalty of perjury that I  have read the foregoing Verified Complaint *in rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the FBI.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed on this  23  day of August, 2007.


_/s/_____
Jennifer Heddleston
Special Agent
Federal Bureau of Investigation

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| **I (a) PLAINTIFFS** | **DEFENDANTS** Any and all Funds in Wachovia Securities L.L.C. Account #5528-1064 and Any and all Funds in Wachovia Securities L.L.C. Account #5528-0981 |
|---|---|

**I (a) PLAINTIFFS**
United States of America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS** Any and all Funds in Wachovia Securities L.L.C. Account #5528-1064 and Any and all Funds in Wachovia Securities L.L.C. Account #5528-0981

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
William R. Cowden
Diane G. Lucas     (202) 514-7912
555 4th St., NW, Rm. 4822
Washington, DC 20530

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ **A.** *Antitrust* | ☐ **B.** *Personal Injury/ Malpractice* | ☐ **C.** *Administrative Agency Review* | ☐ **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☒ E. General Civil (Other) OR F. Pro Se General Civil

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☒ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ☐ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
18 U.S.C. §981(a)(1)(A) property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§1956 or 1957 (money laundering); 18 U.S.C. §981(a)(1)(C), property which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C.§1347 (Health Care Fraud).

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES ☒ NO |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | ☒ YES ☐ NO | If yes, please complete related case form. |
|---|---|---|---|

**DATE** 8/27/07 | **SIGNATURE OF ATTORNEY OF RECORD** | DIANE G. LUCAS
Assistant United States Attorney

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.